UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANISHA MEHTA,<br><br>         Plaintiff,<br><br> -against-<br><br>DLA PIPER LLP,<br><br>         Defendant. | CIVIL ACTION NO.: 23 Civ. 4757<br>(AT) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY,** United States Magistrate Judge.

  On January 8, 2024, Plaintiff submitted a letter seeking the Court's intervention in a discovery dispute. (*See* ECF 31.) On January 10, 2024, Defendant submitted its letter response. (*See* ECF 32.) By Order of Reference dated January 11, 2024 (ECF 33), Judge Analisa Torres referred this case to Magistrate Judge Sarah L. Cave for general pretrial supervision, including scheduling, discovery, non-dispositive pretrial motions, and settlement, as well as resolution of the current discovery dispute. On January 12, 2024, that referral was reassigned to me. I held a conference with the parties on January 18, 2024.

  First, for the reasons discussed at the conference, it is ORDERED that, by **5:00 PM on Friday, January 19, 2024,** the parties must file on the docket a proposed protective order. By the same deadline, Defendant must send to Plaintiff a letter identifying: (1) the Request for Production ("RFP") numbers in response to which Defendant will produce documents; (2) the RFP numbers in response to which Defendant does not intend to produce documents; and (3) the RFP numbers, if any, in response to which Defendant intends to produce some but not all of the requested documents, with a description of the categories of documents that are and are

not being produced. Defendant's rolling production shall commence immediately after the proposed protective order is entered and shall be completed by **5:00 PM on Friday, February 9, 2024**.

Second, for the reasons discussed at the conference, in response to Defendant's request that Plaintiff be required to return or destroy all copies of certain documents in her possession that she produced to Defendant in discovery and that Defendant contends she should not have kept when she left her employment, it is ORDERED that Defendant must, by **5:00 PM on Friday, February 9, 2024**: (1) create a privilege log listing all such documents that Defendant contends are protected from production in their entirety because the documents contain information too extensive to be redacted that is protected by the attorney-client privilege or the work product doctrine; (2) reproduce in redacted form all such documents that Defendant contends contain information that can be redacted that is protected by the attorney-client privilege or the work product doctrine, in a format that includes Plaintiff's assigned Bates numbers (3) reproduce in redacted form all such documents that Defendant contends contain confidential client information, in a format that includes Plaintiff's assigned Bates numbers; and (4) identify by Plaintiff's assigned Bates numbers all such documents that Defendant contends are not relevant to any claim in this action. Defendant has committed to prioritizing this aspect of its discovery obligations and will make best efforts to complete these three tasks before the deadline set by this Order. Nothing in this Order prevents Defendant from maintaining its position that Plaintiff should not have kept copies of the documents in question after she left her employment.

Plaintiff may review the documents in category (4), which her counsel has sequestered, solely for purposes of deciding whether to challenge Defendant's position that the documents are not relevant to this litigation. By **Friday, February 16, 2024,** she shall notify Defendant of any challenges to Defendant's position that specific documents within category (4) are not relevant to this litigation as well as of any challenges she wishes to make based on Defendant's privilege log to Defendant's designation of documents as privileged or subject to protection under the work product doctrine. Within one week of the resolution of all such challenges, Plaintiff shall certify to Defendant that she has destroyed all copies of the sequestered documents.

Each party shall bear its own costs and attorneys' fees.

Dated:  New York, New York
        January 18, 2024

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge