

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

May 15, 2024

**VIA ECF**

The Honorable Robyn F. Tarnofsky
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 9B
New York, NY 10007

    Re:    Anisha Mehta v. DLP Piper LLP; Case No.: 1:23-cv-04757 (AT) (RFT)

Dear Judge Tarnofsky:

We represent Plaintiff Anisha Mehta in the above-captioned matter against Defendant DLA Piper LLP ("DLA").  We write pursuant to Your Honor's May 7, 2024 Order for the Parties to submit letters to the Court about the remaining discovery disputes in this matter.  Dkt. No. 64.

**I.    OVERVIEW OF ACTION**

This action was commenced on June 6, 2023.  Dkt. No 1. Plaintiff, a former seventh-year associate in DLA's Intellectual Property & Technology Group ("IPT") alleges that DLA unlawfully terminated her less than a week after she placed DLA on formal notice of her pregnancy and submitted her request for maternity leave, which was scheduled to begin three months later. Plaintiff had started work at DLA on October 18, 2021, and on October 4, 2022, learned she was fired. As such, this is an action involving a single plaintiff-employee against a single defendant-employer. Plaintiff worked for the Defendant for 11.5 months.  At all relevant times, Ms. Mehta worked in the same IPT group. Her claims of pregnancy related discrimination and retaliation are asserted pursuant to the Family and Medical Leave Act ("FMLA"), Title VII and the New York State and City Human Rights Law.  On July 21, 2023, DLA filed its answer to the complaint.  Dkt. No. 16.  A Court ordered mediation session was held on October 16, 2023, but was not successful. Dkt. No. 27.

**II.    OUTSTANDING DISCOVERY ISSUES**

    **A.    Plaintiff's Second Supplemental Document Requests**

Defendant refuses to respond to Plaintiff's document demands issued on April 2, 2024.  Plaintiff issued her second request for documents to DLA following the March 11, 2024 deposition of Gina Durham.  Plaintiff made eleven (11) requests for supplemental documents relating to items which Ms. Durham testified about.  For example, because she first testified that she did not supervise any



Hon. Robyn F. Tarnofsky
May 15, 2024
Page 2

associates but then said she regularly assigned work to about 15 associates during Plaintiff's employment, the requests asked for "documents that identify these 15 associates" and to provide all documents that support her representation that she does not "supervise any associates." Ms. Durham made sweeping and damaging allegations about Ms. Mehta during her deposition, such as testifying that clients asked that Plaintiff be taken off matters and that Plaintiff was habitually late in getting work back to Ms. Durham and to clients, who purportedly complained. Reasonably and promptly, Plaintiff asked for documents to support these allegations. If clients asked that she be removed from a case or complained about late work product via email, such communications could be easily ascertained. For each of the 11 document requests, Plaintiff included the following sentence, "To the extent that it is Defendant's position that no such responsive documents exist, it must affirmatively represent this position."

Defendant uniformly responded to the 11 document requests with the following: "DLA Piper does not intend to produce documents response to this Request as written, nor does DLA intend to identify by Bates numbers the documents already produced that may be considered responsive to this Request." As such, Defendant refused to produce any additional documents and has refused to affirmatively represent if it has any responsive documents in its possession or has already produced all relevant documents. No reasonable basis to object to these 11 requests exists and Defendant must make the affirmative representations in response. Defendant's responses are attached to this letter. When Plaintiff's counsel requested clarification for the non-production, Defendant's counsel simply reiterated what was set forth in their Responses.

Because Plaintiff has raised this issue previously, including during the May 2, 2024 conference, Your Honor ordered that in connection with Plaintiff's prior and existing document demands, Defendant must indicate that either (1) responsive documents were located and produced or (2) that no such documents were located after a reasonable search. *See* May 2, 2024 Transcript at 20-21. To date, Plaintiff has not received any clarification related to all of her prior discovery demands to DLA, as well as to the recently received responses to the 11 requests after Ms. Durham's deposition.[1] Defendant has continued to engage in obfuscating the discovery process despite the Court's directive, and Plaintiff is entitled to affirmative representations about her document requests.

    **B.**    <u>**Outstanding Non-Production by DLA**</u>

Also at the conference on May 2, 2024, the Court ordered that Plaintiff is entitled to receive emails between DLA partners Gina Durham, Keith Medansky and Heather Dunn with the two identified comparators during the limited time period of three chosen weeks during the beginning, middle and end of Ms. Mehta's employment. Plaintiff has not yet received that document production.

---

[1] On December 5, 2023, Plaintiff issued 57 document requests to Defendant and on February 20, 2024, Plaintiff issued 30 requests subsequent to the deposition of Keith Medansky. In addition to the Second Requests discussed above that were served on April 2, 2024, Plaintiff served 10 document requests on April 17, 2024. Affirmative representations by Defendant have not been made for any of Plaintiff's document demands.



Hon. Robyn F. Tarnofsky
May 15, 2024
Page 3

Defendant confirmed that the documents related to comparator Carissa Bouwer will be sent by May 17, 2024, but has not indicated when Plaintiff will receive the other email production.

Pursuant to the Court's April 24, 2024 and May 2, 2024 Order, Plaintiff is entitled to receive documents related to the two complaints of pregnancy discrimination that Defendant identified "that are sufficient to describe the nature of the complaints and how they were resolved… ." *See* May 2, 2024 Tr. at 24. Plaintiff agreed that the names of the individuals could be redacted initially and only if necessary, would she seek further information. Today, Defendant told Plaintiff that DLA is not going to produce the documents related to the complaints of pregnancy discrimination. Instead, Defendant intends to produce an affidavit from the Chief Human Resources Officer "explaining the nature of these two internal, non-public complaints… ." That is not what this Court ordered and Defendant should be required to produce the actual complaints and related documentation. Plaintiff is entitled to the actual documents about the pregnancy discrimination complaints. DLA is trying to hide potentially relevant information in this action and otherwise evade its discovery obligations.

On April 29, 2024, Plaintiff served Requests to Admit on Defendant. Those responses are due on May 29, 2024.

### C. **Depositions**

Plaintiff noticed the half-day depositions of Carissa Bouwer and Hilary Remijas. Unfortunately, the Bouwer deposition had to be postponed because Plaintiff had not yet received the document production related to her emails with Durham, Medansky and/or Dunn. The Parties are currently finalizing the revised date for Bouwer's deposition. Ms. Remijas' deposition was originally scheduled for May 15, but was rescheduled for May 23, 2024 as a result of a conflict with Plaintiff's counsel.

Plaintiff provided Defendant's counsel with the topics for the third half-day deposition on May 14, 2024, and Defendant identified its Chief Human Resources Officer as the most appropriate witness. Plaintiff will work with Defendant to schedule the deposition.

### D. **Subpoenas**

Plaintiff will be prepared to discuss the subpoenas issued to Ms. Mehta's former employers, legal placement agency, and husband.



Hon. Robyn F. Tarnofsky<br>
May 15, 2024<br>
Page 4

Should you have any questions, please do not hesitate to contact us.  We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Jeanne Christensen*

Jeanne M. Christensen