

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

May 15, 2024

**VIA ECF**

The Honorable Robyn F. Tarnofsky
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 9B
New York, NY 10007

      Re:    Anisha Mehta v. DLP Piper LLP; Case No.: 1:23-cv-04757 (AT) (RFT)

Dear Judge Tarnofsky:

We represent Plaintiff Anisha Mehta in the above-captioned matter against Defendant DLA Piper LLP ("DLA").

Further to our status letter earlier this afternoon regarding outstanding discovery, we write to specifically address the issue of Defendant's nonparty subpoenas to be discussed at the conference tomorrow morning.

### I.    The Nonparty Subpoenas to Current and Prior Employers

Defendants issued four (4) nonparty subpoenas to Plaintiff's former law firm employers, as well as to Tenor Legal, which employed her on a contract basis after her termination.[1] The four subpoenas were dated April 23, 2024. The subpoenas' respective compliance dates were between seven (7) days and ten (10) days (April 30, 2024 through May 3, 2024), despite the fact that the subpoenas were not even served on April 23, 2024. In fact, on May 9, 2024, Plaintiff's counsel asked for the respective service dates and we were told that the subpoenas were served on April 26, April 30 and May 2 for the law firms in Chicago and that Tenor Legal in Atlanta had not yet been served.

After the conference with the Court on May 2, 2024 in which the nonparty subpoenas were discussed, Plaintiff diligently wrote to DLA to inquire if Defendant was proceeding forward to enforce them. Plaintiff's counsel wrote to counsel for DLA on May 2, 3, 6, and 7 asking this question. Defendant's counsel refused to respond over the course of these six days, which led Plaintiff to file a letter motion to quash the nonparty subpoenas on May 8, 2024. Dkt. No. 65.

---

[1]     A subpoena also was issued to Docket Technologies, but DLA said it recently withdrew this subpoena.


On Monday, May 13, 2024, DLA filed a response setting forth its position that it was seeking to enforce the nonparty subpoenas and it considered Plaintiff's filing with this Court ineffective. Dkt. No. 66.

Based on Defendant's unreasonable insertion of compliance dates that required production by the Chicago law firms immediately, coupled with DLA's intentional refusal to answer Plaintiff's reasonable follow up about enforcement following the May 2, 2024 conference (sent *via* email on May 2, 3, 6 and 7), Plaintiff respectfully requests that the Court order Defendant to re-issue the four subpoenas and enter response dates twenty-one (21) days from tomorrow.

Alternatively, Plaintiff requests that the Court order Defendant to notify the four law firms in writing, with Plaintiff's counsel copied, that the compliance date is extended twenty-one (21) days from tomorrow.

This will provide Plaintiff time to file motions in the Northern District of Illinois, as well as in the Northern District of Georgia to quash and in the alternative, to transfer the motion to quash to Your Honor, who is best-suited to rule on the motions.

**II.     Subpoena to Testify on Plaintiff's Husband**

In addition, we request that the Court quash the nonparty subpoena for a deposition of Plaintiff's husband Shrey Gosalia to take place in New York. Presently, he is living in the State of California which does not fall within the 100 miles of where the witness lives, works or regularly conducts business. Rule 45 (c)(1)(A).

We thank the Court for its attention to this issue and are prepared to discuss this further at the conference tomorrow.

Respectfully submitted,

Jeanne M. Christensen