

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

May 21, 2024

**VIA ECF**

The Honorable Robyn F. Tarnofsky
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 9B
New York, NY 10007

      Re:      <u>Anisha Mehta v. DLP Piper LLP; Case No.: 1:23-cv-04757 (AT) (RFT)</u>

Dear Judge Tarnofsky:

We represent Plaintiff Anisha Mehta and write in response to Defendant DLA Piper LLP's ("DLA Piper") letter yesterday briefing its position about withholding documents reflecting prior complaints of pregnancy discrimination. Dkt. No. 74. On December 5, 2023, we requested documents and information about prior complaints of discrimination relating to pregnancy at DLA Piper made in the 5-year period prior to Plaintiff's employment through her termination. This is a narrow and entirely reasonable request, routinely made in employment discrimination matters. A month ago, at the April 24, 2024 conference, Your Honor stated that "In terms of complaints of pregnancy discrimination …. if there are other claims of pregnancy discrimination by associates at this law firm in a relevant period of time, she should get those." Despite this, DLA continued to refuse to produce any prior complaints. The Court repeated its directive to Defendant to produce the documents in its possession relevant to prior pregnancy discrimination complaints.

Thereafter, DLA Piper still refused to produce the relevant documents. At the conference on May 17, 2024, counsel for Defendant explained that it would not produce because the complaints were contained in letters from lawyers representing the former DLA Piper employees, and thus, according to Defendant "confidential settlement demands." Defendant "offered" to let a senior Human Resources employee submit an affidavit describing the prior pregnancy discrimination claims which is a self-serving attempt to generate new documents for discovery, something that does not comport with the purpose and scope of Fed. R. Civ. P. 26.

**I.**      <u>Defendant's Position is Without Merit</u>

Essentially DLA Piper simply wants to avoid producing copies of the original complaints. Labeling a lawyer's initial demand letter as a "confidential settlement communication" to avoid producing it in subsequent litigation involving potentially similar claims is not an effective vehicle to avoid production. The information contained in a lawyer's initial communication to a potential defendant about his or her client's legal claims is exactly the information that Plaintiff is seeking



and is entitled to.  A letter detailing the former employee's account of what transpired regarding her termination and relation to her pregnancy is directly relevant to Plaintiff's claims herein.  In the event that a monetary amount is set forth in a letter, such information can be redacted.  Defendant should not be given carte blanche to create their own scrubbed version of the former employees' claims, regardless of the "form" the facts were presented to Defendant in.  Relevant documents need not be EEOC charges or internal emails complaining of unfair treatment – although these would be relevant documents if they exist.

Hiding behind Rule 408 when an initial demand letter is not what Rule 408 is designed to protect, cannot prevent Defendant from producing the relevant documents.  Plaintiff is not asking DLA to provide the emails or internal notes about the actual negotiations conducted to resolve the former employees' claims or the settlement agreements.  Those are documents arguably protected by Rule 408.  However, initial demand letters, often attaching copies of draft complaints, are sent for the purpose of describing the allegations of fact that would support a complaint, should one be filed.  By definition such letters do not contain acceptances of offers to compromise a dispute because they often are the first account of allegations of discrimination an employer receives.  Further, Rule 408 expressly states that it does not prohibit such information if it is offered for another purpose.

DLA Piper cites cases involving demands for documents produced and exchanged during confidential mediation sessions – a scenario so far removed from a lawyer's initial communication to a potential defendant about his or her client's legal claims that such cases have no applicability to the issue before this Court.  As such, *Accent Delight Int'l Ltd. v. Sotheby's*, 505 F. Supp. 3d 281, 282 (S.D.N.Y. 2020), and the authority cited therein is inapplicable and not persuasive authority here.  Knowing that there is no legal authority supporting its position, DLA Piper simply argues relevancy issues in its letter.  Dkt. No. 74, at 2.  These relevancy arguments have already been considered and disposed of by the Court.  Whether the former employees worked in different practice groups or other offices is not a basis to dispute production, yet that is what Defendant's letter does.  Plaintiff is not required to show any heighted basis for production of the information regarding prior pregnancy discrimination claims in the relevant period regardless of the format such claims are presented in.

Respectfully, pursuant to the Court's Order (Dkt. No. 72) Defendant must produce the relevant documents, in the form of the letters received setting forth the alleged similar claims, and if necessary, can redact a monetary demand, if contained therein.

Respectfully submitted,

Jeanne M. Christensen