UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANISHA MEHTA,<br><br>      Plaintiff,<br><br> -against-<br><br>DLA PIPER LLP,<br><br>      Defendant. | 23-CV-04757 (AT)(RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  On May 3, 2024, I ordered Defendant to produce "documents relating to two prior complaints of pregnancy discrimination," directing the parties to meet and confer on the appropriate scope that that production. (ECF 61.) The parties were unable to agree: Defendant believes its production should be limited to an affidavit from an employee from its HR department about the other instances of alleged pregnancy discrimination (*see* ECF 74), while Plaintiff seeks contemporaneous documents, including the lawyer demand letters sent to Defendant raising the claims of pregnancy discrimination (*see* ECF 75). I have already ruled that Defendant may in the first instance redact from any documents produced on this subject the names of the complaining employees; I said that I would be open to an application post-production to require Defendant to disclose the names if Plaintiff could explain why she needed that information. (*See* ECF 67, May 2, 2024 Tr. 25:4-9.) Having considered the parties' submissions on this issue, including Defendant's proposed HR employee affidavit and the two lawyer demand letters (which two letters were provided to me in camera), I conclude that production is appropriate. The case on which Defendant relies in support of withholding the

demand letters is inapposite. *Accent Delight Int'l Ltd. v. Sotheby's* held that communications between parties during a private mediation were subject to a heightened standard for disclosure in discovery. *See* 505 F. Supp. 3d 281, 289 (S.D.N.Y. 2020). Plaintiff is not seeking the back-and-forth between Defendant and counsel for the two other former employees who claimed pregnancy discrimination. Rather, Plaintiff is seeking initial letters written by counsel for other former employees inviting Defendant to begin negotiations. I therefore do not believe that Plaintiff needs to make a heightened showing that she is entitled to these documents. She has demonstrated that production is proportionate to the needs of the case.

Defendant is ORDERED to produce: (1) the two lawyer demand letters, with the names of the complaining employees redacted; and (2) documents sufficient to show the results of Defendant's investigation into the two demand letters.

DATED:  May 24, 2024
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge