

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

August 12, 2024

**VIA ECF**

The Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 15D
New York, NY 10007-1312

　　　　　Re:　　*Anisha Mehta v. DLP Piper LLP*; Case No.: 1:23-cv-04757 (AT) (RFT)

Dear Judge Torres,

We represent Plaintiff Anisha Mehta in the above-captioned matter against Defendant DLA Piper LLP ("DLA"). Pursuant to Your Honor's Individual Rules, we submit this letter to seek permission to file a motion for leave to amend the Complaint under Fed. R. Civ. P. 15 ("Rule 15").

## I.　　OVERVIEW OF ACTION

This action was commenced on June 6, 2023. Dkt. No 1. Plaintiff, a former seventh-year associate in DLA's Intellectual Property & Technology Group ("IPT") alleges that DLA unlawfully terminated her shortly after she placed DLA on notice of her pregnancy and submitted her request for maternity leave, which was scheduled to begin three months later. Plaintiff's claims of pregnancy related discrimination and retaliation are asserted pursuant to the Family and Medical Leave Act ("FMLA"), Title VII and the New York State and City Human Rights Law.[1] On July 21, 2023, DLA filed its answer to the complaint. Dkt. No. 16. The parties have completed fact discovery and Your Honor entered a briefing schedule for DLA's summary judgment motion pursuant to Rule 56. Dkt. No. 96.

---

[1]　　Specifically, the seven causes of action in the Complaint are as follows: (1) Discrimination in Violation of Title VII as amended by the PDA, (2) Retaliation in Violation of Title VII as amended by the PDA, (3) Interference in Violation of the FMLA, 4) Retaliation in Violation of the FMLA, 5) Discrimination in Violation of the Executive Law, 6) Retaliation in Violation of the Executive Law, 7) Discrimination in Violation of the City Law, and 8) Retaliation in Violation of the City Law.



## II.      DLA'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

DLA provided Plaintiff's counsel with its Rule 56.1 statement of material facts ("SOF") Wednesday night, August 8, 2024.  At page 44, the thirtieth header reads as follows: **"Mehta Steals Thousands Of DLA Piper's Privileged And Confidential Documents."** (emphasis in original).  The allegations of fact presented under that header include inter alia the following:

> During Mehta's employment with DLA Piper, all U.S.-based associates (including Mehta) were subject to the Firm's Confidentiality and Non-Disclosure Policy. The Confidentiality and Non-Disclosure Policy further provides that: "Any individual who violates this policy will be subject to disciplinary action, up to and including possible separation from the firm, whether or not the individual benefits from the disclosed information." …. Less than an hour after Mehta was notified of her termination on October 4, she used her DLA Piper email account  … to send an email containing Confidential Information to her personal email account ….This email had the subject line: "Feedback from partners," and it contained 16 emails as attachments. Mehta attempted to recall the "Feedback from partners" email on October 7—three days after she sent it. …. On or around October 10, 2022, Mehta began taking photographs of DLA Piper emails and documents on her computer screen. In total, Mehta took over 3,600 photographs of documents and emails on her DLA Piper computer (the "Photographs") before her separation from the Firm on October 21, 2022. Mehta provided all of the Photographs to her attorneys at Wigdor LLP.  316. On January 4, 2024, Mehta's attorneys produced the Photographs as Plaintiff's Bates Nos. PL002524–PL006164 in response to DLA Piper's First Set of Requests For Production. On January 19, 2024, this Court ordered Mehta and her attorneys to destroy the Photographs and instructed DLA Piper to reproduce the Photographs with redactions for privileged and client-identifying information."

## III.     DLA'S BLATANT RETALIATION AGAINST PLAINTIFF FOR COMMENCING AN ACTION

DLA did not counter-claim Plaintiff based on any facts regarding her screenshots of emails or for sending emails with attachments to her personal account and then recalling the emails three days later.  There is no dispute that Plaintiff voluntarily produced every single screenshot of any email or document to Defendant in her first responses to discovery.  Plaintiff had deleted the screenshots after she sent them to her counsel.  Our law firm deleted all screenshots off of our systems and confirmed that no physical copies had been made.  Thereafter, DLA heavily redacted the emails and re-produced them in discovery.

Allegations about the screenshots have nothing to do with Plaintiff's pregnancy discrimination related claims.  Yet DLA intentionally included a header and section with 29 paragraphs as "material undisputed facts" in this document because it clearly intends to argue such issues in the



motion for summary judgment and perhaps at trial. Accusations of theft in order to portray Plaintiff as a criminal is blatant retaliation. DLA is retaliating against Ms. Mehta for filing her pregnancy discrimination claims and wants to damage her reputation as much as possible. Plaintiff needs to amend her Complaint to include this conduct as further evidence of retaliation.

DLA did not file a counterclaim in this action because no legal basis exists. First, DLA learned that Plaintiff had emails in her possession because she voluntarily produced every single one in full to DLA, and second, Plaintiff gave the emails to no one except her counsel in this action and then deleted them. Third, physical copies were never made. Fourth, after every email was returned to DLA, through our firm with the assistance of IT, all electronic copies on our system were permanently deleted. DLA then proceeded to redact the emails to such a degree that the majority of the emails proved useless in discovery. DLA has everything back and knows Plaintiff only obtained copies for purposes of her claims in this action and no one other than her counsel saw them.

The continued threats of her purported theft must cease. The sole purpose is to retaliate and cause her additional harm which DLA's conduct has accomplished. Plaintiff is entitled to include this conduct to her already existing retaliation claims under federal, state and city law. Importantly, no additional fact discovery is necessary and once the fact allegations are added to the Complaint, the parties can proceed with briefing DLA's summary judgment motion. No prejudice can be claimed by DLA. It knew exactly what it was doing and the risk it entailed, but the mega-firm did it anyway. However, the prejudice to Plaintiff is severe if she is not able to add these facts to her Complaint. DLA cannot be allowed to accuse Plaintiff of theft in the upcoming motion and thereafter at trial without facing the consequences for such blatant retaliation.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Jeanne M. Christensen