UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANISHA MEHTA,

                              Plaintiff,

        -against-

DLA PIPER LLP,

                              Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/2024
```

23 Civ. 4757 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By letter motion dated August 12, 2024, Plaintiff, Anisha Mehta, moves for leave to amend the complaint. Pl. Mot., ECF No. 100. For the reasons stated below, the motion is DENIED.

## BACKGROUND

Mehta, formerly a seventh-year associate at Defendant, DLA Piper LLP, alleges that the firm fired her after she gave notice that she was pregnant and would be taking maternity leave. Compl. ¶¶ 1–3, ECF No. 1. She brings discrimination and retaliation claims under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), as well as claims under the Family and Medical Leave Act. *Id*. ¶¶ 124–65. In June of this year, the Court adopted the parties' proposed summary judgment schedule, which included pre-motion letter deadlines in September and motion deadlines in October and November of this year. *See* ECF Nos. 95–96; *see also* ECF Nos. 102–03. Fact discovery closed on July 29, 2024, after multiple extensions. ECF No. 99.

Mehta now seeks to amend the complaint to add new allegations of retaliation by DLA Piper. She alleges that the firm retaliated against her when it asserted in its Rule 56.1 statement that, shortly after she was terminated, Mehta "st[ole] thousands of DLA Piper's privileged and confidential documents" in violation of the firm's confidentiality policy. Pl. Mot. at 2–3.

Specifically, DLA Piper asserts that Mehta "used her DLA Piper email account . . . to send an email containing Confidential Information to her personal email account" less than one hour after she was terminated and "took over 3,600 photographs of documents and emails on her DLA Piper computer . . . before her separation from the Firm." *Id.* at 2. Mehta contends that making "[a]ccusations of theft in order to portray [her] as a criminal is blatant retaliation" intended to damage her reputation. *Id.* at 3.

DLA Piper denies any retaliatory motive. Def. Opp. at 4, ECF No. 101. It argues that the assertions in its Rule 56.1 statement are relevant to the parties' dispute because after-acquired evidence of employee misconduct may limit a plaintiff's relief in a wrongful termination suit. *Id.* at 3 (citing *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 353 (1995)).

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "Where a party opposes leave to amend on 'futility' grounds, the appropriate legal standard is whether the proposed complaint fails to state a claim." *N.H. Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile" and should be denied where "the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

2

**DISCUSSION**

DLA Piper argues that amendment would be futile because Mehta "has no factual or legal basis to assert a retaliation claim" based on its good-faith defense in this litigation. Def. Opp. at 2. The Court agrees.

To state a retaliation claim, a plaintiff must present evidence that shows: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015) (quotation marks and citation omitted) (articulating Title VII standard); *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1177 (2d Cir. 1996) ("New York courts rely on federal law when determining claims" under the NYSHRL).

An employer's actions in litigation may constitute unlawful retaliation. *See Kim v. Lee*, 576 F. Supp. 3d 14, 31 (S.D.N.Y. 2021) ("The courts in this Circuit have held that the filing of baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions") (quotation omitted). But an employer is entitled to probe issues critical to its defense. *See Grauer v. UBS Fin. Servs., Inc.*, No. 07 Civ. 5450, 2008 WL 11398936, at *8 (S.D.N.Y. Dec. 17, 2008) ("[T]o hold otherwise would discourage employers with legitimate claims against employees alleging discrimination from bringing suit, because doing so would inevitably subject them to charges of unlawful retaliation."); *cf. Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense."). Thus, for a plaintiff to succeed on a retaliation claim based on the employer's actions taken in litigation, the plaintiff must show that the employer acted both "with

3

a retaliatory motive" and "without a reasonable basis in fact or law." *Kim*, 576 F. Supp. 3d at 31 (quotation omitted).

> [N]o reasonable employee should expect that the employer-defendant would simply surrender in the face of litigation. Although the threat of a vigorous defense . . . might well cause an employee to think carefully about whether to start litigation, . . . that threat is not the 'retaliation' that Congress had in mind in crafting the retaliation provisions of Title VII.

*Sherman v. Fivesky, LLC*, No. 19 Civ. 8015, 2020 WL 5105164, at *6 (S.D.N.Y. Aug. 31, 2020).

The assertions Mehta challenges in DLA Piper's Rule 56.1 statement do not lack a reasonable basis in fact or law. Mehta does not argue that the firm lacks a reasonable factual basis to include the assertions. She argues, rather, that the statements "have nothing to do with [her] pregnancy discrimination related claims." Pl. Mot. at 2. But the fact that Mehta may have violated the firm's policies after she was terminated is relevant to the relief she seeks. *See McKennon*, 513 U.S. at 360–61 (explaining that after-acquired evidence of employee wrongdoing "must be taken into account" when "determining [the] appropriate remedial action" in a wrongful termination suit). Under *McKennon*, such evidence may, "as a general rule," curtail the availability of reinstatement and front pay, and it may render other relief "inappropriate" on a case-by-case basis. *Id.* at 361–62. The assertions in DLA Piper's Rule 56.1 statement are therefore not immaterial to Mehta's claims. They are, rather, tantamount to "an aggressive cross-examination that could incidentally bring out embarrassing facts." *Sherman*, 2020 WL 5105164, at *6. That "is simply a function of litigation, in which both sides get to present their case before a decision is made." *Id.*

Because DLA Piper's assertions are material to Mehta's claims, they are not "objectively baseless," and therefore do not support a plausible retaliation claim. *Kim*, 576 F. Supp. 3d at 31. Even under the NYCHRL's more liberal standard, the Court concludes that Mehta has not

pleaded retaliation.  *Forrester v. Corizon Health, Inc.*, 752 F. App'x 64, 66 (2d Cir. 2018).

Accordingly, the Court finds that Mehta's proposed amendment to the complaint would be futile.

### CONCLUSION

For the reasons stated above, Mehta's motion to amend the complaint is DENIED.  The

Clerk of Court is respectfully directed to terminate the motion at ECF No. 100.

SO ORDERED.

Dated:  August 30, 2024
        New York, New York

_____
ANALISA TORRES
United States District Judge

5