

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jonathan M. Kinney
jonathan.kinney@us.dlapiper.com
T   212.335.4742
F   212.884.8542

February 2, 2026

VIA ECF

The Honorable Analisa Torres
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *Mehta v. DLA Piper LLP*, **Case No. 1:23-cv-04757-AT**

Dear Judge Torres:

  We represent defendant DLA Piper LLP (US) ("DLA Piper") in the above-captioned matter. We write pursuant to Rule (IV)(A)(ii) of Your Honor's Individual Practices in Civil Cases in response to plaintiff Anisha Mehta's ("Plaintiff" or "Mehta") January 30, 2026 Letter Motion for Leave to File Under Seal Documents in Support of Plaintiff's Motions to Strike Expert Reports and Testimony (the "Letter Motion") (ECF No. 154 (concerning ECF Nos. 156-57, 159-60, 162-63, 165-66, and 168-69, each filed under seal, collectively, the "Exclusion Motions")).

  DLA Piper maintains that the items listed in Plaintiff's Letter Motion and her Exclusion Motions should remain confidential and under seal at this stage of the proceedings because they are permeated with sensitive confidential information regarding the firm's billing practices, rate-setting, associate compensation and management, and other proprietary information. The Court "commonly" seals documents containing "revenue information, pricing information, and the like." *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (citation omitted). If this information were to be disclosed, DLA Piper's specific internal and competitively sensitive billing practices and procedures would be publicly available to competing law firms and anyone else who wished to look. Unsealing would also publicly disclose DLA Piper's associate compensation, evaluation, and termination processes, as well as DLA Piper's attorney hourly rate setting information, which could further harm DLA Piper's competitive standing.

  While this litigation concerns Plaintiff's individual performance and DLA Piper's decision to terminate Plaintiff's employment, the items listed in Plaintiff's Letter Motion and the Exclusion Motions discuss competitively sensitive information that concerns DLA Piper pricing, billing, associate compensation and performance management, and other confidential practices that apply more broadly across a practice group within the firm or across the entire U.S. firm. The table

Case 1:23-cv-04757-AT-RFT   Document 170   Filed 02/02/26   Page 2 of 6



The Honorable Analisa Torres
February 2, 2026
Page Two

attached to this letter as **Appendix A** includes specific examples of the kind of information that is included in each of the materials referenced in Plaintiff's Letter Motion.

Here, application of the Second Circuit's three-step test to determine whether documents should be placed under seal favors granting Plaintiff's Letter Motion to file the Exclusion Motions and supporting documents under seal. Those steps are: (1) determine whether the presumption of access attaches; (2) determine the weight of the presumption of access; and (3) balance competing considerations against the presumption. *Actava TV, Inc. v. Joint Stock Co. "Channel One Russia Worldwide"*, 2023 WL 2523623, at *2 (S.D.N.Y. Mar. 15, 2023) (sealing information relating to confidential marketing, revenue, pricing, and the like). While the items referenced in Plaintiff's Letter Motion are "judicial documents" because the Court will consider them in deciding the Exclusion Motions, *id.* at *3, higher values outweigh the presumption of access applied to judicial documents.

Such "higher values" often include "the protection of competitively sensitive business information." *In re China Constr. Bank Corp.*, 2025 WL 3484796, at *1 (S.D.N.Y. Dec. 4, 2025) (finding that the need to protect financial information regarding sources of revenue and customers outweighs the interest in public access and merits the sealing of the full document). Those are exactly the kinds of information that support DLA Piper's confidentiality designations and militate in favor of sealing. If the firm's pricing information becomes public, "competitors or prospective customers could seek to exploit this information to [DLA Piper's] detriment." *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *5 (S.D.N.Y. Dec. 13, 2024); *see Valassis Commc'n, Inc. v. News Corp.*, 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) (finding expert report contained competitively sensitive information).

In addition, these higher values outweigh the presumption of access to Plaintiff's Exclusion Motions and the materials submitted with them particularly because those materials are only being submitted now for the Court to determine whether DLA Piper's expert witness opinions and testimony should be excluded or whether they should be limited in scope.[1] Thus, it is possible that the entire contents of the materials listed in Plaintiff's Letter Motion may ultimately not be presented at trial or may be presented only in part. This is particularly true given that three of the five experts whose opinions and testimony are the subject of Plaintiff's Exclusion Motions are DLA Piper's rebuttal experts who may become unnecessary depending on the outcome of DLA Piper's motion to exclude the opinions and testimony of Plaintiff's proffered affirmative expert, André Jardini. *See* ECF Nos. 151-53. Furthermore, either party may decide before trial to trim the testimony or evidence that may be offered at trial.

---

[1] They should not be excluded or limited for the reasons Defendant will set forth in its forthcoming oppositions to Plaintiff's Exclusion Motions.



The Honorable Analisa Torres
February 2, 2026
Page Three

In other words, it is unclear at this time how much of the contents of the items listed in Plaintiff's Letter Motion and Exclusion Motions may be presented at trial or otherwise be the subject of this proceeding. Unsealing these materials now, as Plaintiff suggests, before that question is answered, risks unnecessarily disclosing sensitive confidential information that may not ultimately be part of the remainder of this litigation.

After balancing the competing considerations, it is clear that permitting the filing under seal of the items listed in Plaintiff's Letter Motion and Exclusion Motions is warranted to protect the privacy and competitive interests of DLA Piper and its clients. *Actava*, 2023 WL 2523623, at *2. DLA Piper has strong competitive and privacy interests in protecting its financial information, pricing information, and associate management practices in order to protect its competitive standing. In particular, DLA Piper has a "competitive interest in maintaining the secrecy of" its pricing information, particularly as "disclosure of internal billing rates could place [the firm] at a competitive disadvantage." *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017). Moreover, information regarding "internal employee evaluations would likely cause embarrassment to third parties," potentially including the firm and its clients, which outweighs the public's interest in disclosure. *Id.* Finally, there is limited public interest in knowledge of this pricing information, as it will not assist the public in monitoring the dockets or otherwise following the progress of this case, which is about an employment decision with respect to a single one of the firm's lawyers. Rather, disclosure of such highly confidential information will only help competitors "exploit this information." *Locus Techs.*, 2024 WL 5103334, at *5.

DLA Piper further supports filing under seal the items listed in Plaintiff's Letter Motion and Exclusion Motions because confidential information is included and discussed throughout those materials. As a result, "redaction is impracticable, as it would encompass nearly all the text . . . leaving the public with unintelligible documents that do nothing to help the public to monitor the federal courts." *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, 2021 WL 4706199, at *3 (S.D.N.Y. Oct. 8, 2021). Therefore, Defendant respectfully requests the Court grant Plaintiff's request to seal each of the items included in Plaintiff's Letter Motion and the Exclusion Motions. To the extent the Court determines partial unsealing is warranted, Defendant respectfully requests a reasonable opportunity and time to apply redactions to preserve the confidentiality of the remainder of the materials identified in Plaintiff's Letter Motion and five Exclusion Motions.

As stated above, DLA Piper respectfully submits that it is premature and unnecessary to unseal any of these confidential materials at this stage of proceedings, as the materials are currently only being submitted to the Court in connection with motions to exclude expert testimony. Thus, it remains unclear whether any of the confidential information discussed in those materials will ultimately be the subject of testimony in these proceedings or at trial. DLA Piper respectfully submits that the confidential materials should, therefore remain under seal at least through



The Honorable Analisa Torres
February 2, 2026
Page Four

resolution of the motions with which they were filed. Whether these materials should remain sealed may be addressed at the time the Court resolves the Exclusion Motions or after the trial in this matter.

      Accordingly, DLA Piper requests the Court grant Plaintiff's Letter Motion to file the Exclusion Motions under seal.

Very truly yours,

Jonathan M. Kinney
Partner

JMK



The Honorable Analisa Torres
February 2, 2026
Page Five

## **Appendix A**

| Document | Confidential Information Included |
|---|---|
| Defendant's Rebuttal Expert Report of Kelly Neiman and all Exhibits | Ms. Neiman's report includes detailed confidential information regarding DLA Piper's: benefits package for associate attorneys, Report at ¶ 48: internal firm data regarding parental-leave usage, *id.* ¶¶ 50-53; internal processes for assessing attorney performance, *id.* ¶¶ 56-57; annual performance evaluation processes, *id.* ¶¶ 59-60, 64; and practices and procedures relating to separation agreements presented to associate attorneys, *id.* ¶¶ 71-73. |
| Defendant's Rebuttal Expert Report of Paul Nicandri and all Exhibits | Mr. Nicandri's report includes detailed confidential information regarding: DLA Piper's billing practices, Report at ¶¶ 17-25, 27-29, 43; specific data concerning Mehta's hours and the rates and discounts that DLA Piper applied to her work, *id.* ¶ 32; and DLA Piper's policies concerning associate hours requirements, *id.* ¶ 36.<br><br>Mr. Nicandri's report also attaches as appendices: detailed and confidential billing data for all clients worked by Mehta in 2021 and 2022, including rates charged, the discounts that were applied, the amounts collected, and the realization rates (Appendix A); Mehta's time report, detailing specific rates and hours (Appendix B); a production report that shows annualized billable hours pace for all 2015 associates (Appendix C); and copies of internal reports that provide detailed and confidential financial data for DLA Piper's Intellectual Property Group for multiple months (Appendices D & E). |
| Defendant's Affirmative Expert Report of Dr. Elizabeth Newlon and all Exhibits | Dr. Newlon's report includes confidential information concerning DLA Piper's internal policies and procedures, including DLA Piper's Associate Compensation and Bonus Policies. *See* Report at ¶¶ 31-32. |
| Defendant's Supplemental Expert Report of Dr. Elizabeth Newlon | Dr. Newlon's supplemental report includes confidential details regarding the terms of Mehta's signing bonus. *See* Report at ¶ 2. |



The Honorable Analisa Torres
February 2, 2026
Page Six

| | |
|---|---|
| Defendant's Rebuttal Expert Report of Anne Mahoney | The report contains quotations from and information concerning DLA Piper's internal policies and internal associate performance review processes. |
| Deposition of Plaintiff's Expert, André Jardini | DLA Piper withdrew its confidentiality designation of André Jardini's deposition transcript on January 30, 2026, prior to the filing of Plaintiff's Letter Motion and Exclusion Motions. |
| Deposition of Plaintiff Anisha Mehta | The transcript of Ms. Mehta's deposition contains information directly identifying DLA Piper's clients, legal advice provided to clients, direct quotations from DLA Piper's internal policies, DLA Piper's termination practices, DLA Piper billing rates, and DLA Piper billing practices, among several other discussions of confidential and proprietary information. |
| Deposition testimony of non-parties | Plaintiff does not identify with any degree of specificity the confidential materials to which this row in the Letter Motion refers. DLA Piper's counsel remains willing and available to meet and confer to discuss the confidentiality designations and necessity of sealing of any materials Plaintiff's counsel specifically identifies. |