UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANISHA MEHTA,

                 Plaintiff,

      -against-

DLA PIPER LLP,

                 Defendant.

23-CV-04757 (AT) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff's letter-motion to seal (ECF 154) Plaintiff's filings in support of her five motions to strike Defendant's expert reports and testimony (ECF 155, 158, 161, 164, 167). Plaintiff made the motion seeking to seal all her filings in support of her motions to strike out of "an abundance of caution" based on Defendant's position that the challenged expert reports are permeated with confidential information, and because Plaintiff's filings in support of her motions to exclude discuss the expert reports throughout. (ECF 154, Pl.'s Letter-Mot. at 2.) Plaintiff argues that wholesale sealing of her filings in support of her motions to strike is not warranted. (*Id.*) Defendant filed a letter-response in support of Plaintiff's motion to seal, taking the position that Plaintiff's filings "permeated with sensitive confidential information regarding the firm's billing practices, rate-setting, associate compensation and management, and other propriety information." (ECF 170, Def.'s Letter-Resp. at 1.) In support of its position, Defendant attaches an exhibit with examples of the types of sensitive confidential information is included in Plaintiff's filings in support of her motions to strike. (*Id.* Ex. A.)

## Legal Principles

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid*

*Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).[1] The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.* (citing *United States v. Amodeo,* 71 F.3d 1044, 1049-50 (2d Cir. 1995)).

Courts may deny public access to records that "contain[ ] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm." *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC,* No. 16-CV-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing")); *EFCG, Inc. v. AEC Advisors, LLC*, No. 19-CV 8076 (RA) (BCM), 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (granting the plaintiff's request to seal an order containing "confidential, commercially sensitive information which might harm [the plaintiff's] competitive standing vis-à-vis defendants and other competitors"); *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-0740 (JMF), 2017 WL 5151357, at *2 (S.D.N.Y. Nov. 3, 2017) (sealing internal insurance company records that affected ongoing operations of the business).

---

[1]    This order omits internal quotation marks, citations, and alterations from quoted text.

Courts in this Circuit have noted that although "a business's information need not be a true trade secret in order to warrant protection from disclosure," trade secret law "is instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny." *In re Parmalat*, 258 F.R.D. at 244; *see SEC v. TheStreet.com*, 273 F.3d 222,231 n. 10 (2d Cir. 2001) (identifying trade secrets as a type of information entitled to protection). Courts typically apply six factors when determining the existence of a trade secret: (1) the extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the business] to guard the secrecy of the information; (4) the value of the information to [the business] and [its] competitors; (5) the amount of effort or money expended by [the business] in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *In re Parmalat*, 258 F.R.D. at 245.

Any sealing order must be "narrowly tailored" to preserve privacy and competitive concerns; parties may be required to file documents with narrowly tailored objections. *Lugosch*, 435 F.3d at 124; *see also Great W. Ins. Co. v. Graham,* No. 18-CV-6249 (VSB), 2021 WL 5325924, at *2 (S.D.N.Y. Nov. 15, 2021); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 15-CV-0307 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019).

### Analysis

The documents Plaintiff submitted, which support the motions to exclude expert reports and testimony, are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *See Lugosch*, 435 F.3d at 119-20.

The documents are entitled to a substantial presumption of public access, because the motions to exclude "directly affect an adjudication." *Lugosch*, 435 F.3d at 119.

I have reviewed the documents that Defendants wish to seal, and I conclude that some of the information the documents contain would not likely be widely known outside Defendant, is information that Defendant takes measures to protect, and is information that, if disclosed, could cause competitive harm. *See, e.g., In re Parmalat*, 258 F.R.D. at 244 (discussing the exception for a showing of competitive harm). However, I am unpersuaded that all the information within those documents meets these criteria and that no redactions are possible that would protect Defendant's information but that would still allow the public to review and understand the issues raised by Plaintiff's motions.

#### Conclusion

Accordingly, Defendant is ORDERED by **February 20, 2026** to propose appropriate redactions to the documents in question and to meet and confer with Plaintiff on the issue. If the parties agree on the scope of redactions, Plaintiff shall, by **February 23, 2026,** file the proposed redacted documents on the docket for the Court's review. If the parties cannot agree, Plaintiff and Defendant shall each by **February 23, 2026** email proposed redacted documents to my chambers email for in camera review.

DATED:  February 3, 2026
         New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge