

**DLA Piper LLP (US)**
1251 Avenue of the
Americas 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jessica A. Masella
Jessica.Masella@us.dlapiper.com
T   212.335.4829
F   212.884.4501

February 4, 2026

*Via ECF*

The Honorable Analisa Torres
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:  *Anisha Mehta v. DLA Piper LLP*; Case No: 1:23-cv-04757 (AT)(RFT)**

Dear Judge Torres:

We write on behalf of Defendant DLA Piper LLP (US) ("DLA Piper") in the above-captioned matter.  In accordance with Section IV.A of this Court's Individual Practices in Civil Cases and the Southern District of New York's ECF Rules & Instructions, Section 6, DLA Piper respectfully submits this letter motion requesting leave to file under seal, solely at the request of Plaintiff Anisha Mehta ("Plaintiff" or "Mehta"), Defendant's Motion to Exclude Ronald C. Minkoff, its supporting memorandum of law, the Expert Report of Professor Bruce A. Green (the "Green Report"), the Rebuttal Report of Mr. Ronald C. Minkoff (the "Minkoff Report"), and all other materials submitted in support of the Minkoff exclusion motion.  Additionally, for the reasons set forth below, DLA Piper also respectfully requests leave to file under seal Defendant's Motion to Exclude Chad L. Staller, its supporting memorandum of law, the Expert Report of Dr. Elizabeth H. Newlon (the "Newlon Report"), the Rebuttal Report of Chad L. Staller (the "Staller Report"), and all other materials submitted in support of the Staller exclusion motion.

## Minkoff Exclusion Motion

On January 30, 2026, Plaintiff filed a Motion to Strike the Expert Report and Testimony of Bruce Green.  *See* ECF Nos. 156, 157.  Plaintiff filed under seal the Motion itself, her supporting memorandum of law, the Green Report, and the Minkoff Report.  *Id.*  Plaintiff indicated that she filed these documents under seal pursuant to a contemporaneous Letter Motion for Leave to File Under Seal Documents in Support of Plaintiff's Motion to Strike Expert Reports and Testimony. *See id.*  However, this letter motion offers no explanation for why the Green and Minkoff Reports should be sealed—in fact, it does not mention either document *at all*.  *See* ECF No. 154; *see also*

The Honorable Analisa Torres
February 4, 2026
Page 2

Individual Practices in Civil Cases, § IV.A.ii (motions to seal "must explain the particular reasons for seeking to file [confidential] information under seal").

On February 3, 2025, the parties met and conferred regarding Plaintiff's insistence that the Green and Minkoff Reports should be designated as Confidential under the Court's January 22, 2024 Protective Order, ECF No. 38-1. Despite an initial unwillingness (or inability) to identify a basis for such designations, Plaintiff's counsel later suggested that the Reports and any references thereto should be sealed because they contain "otherwise sensitive non-public information." *See* **Exhibit A** (Feb. 3–4, 2026 Correspondence).[1]

This explanation makes no sense. The subject matter addressed by both the Green and Minkoff Reports has been the topic of *extensive* discussion by both parties and the Court in multiple public filings over the past two years, including:

- ECF No. 32 at 2–3 (Jan. 10, 2024) (DLA Piper notifying the Court that "Plaintiff Stole Attorney-Client Privileged Documents From DLA Piper" and, in so doing, "violated her ethical obligations as an attorney as well as DLA Piper policy");

- ECF No. 32-1 at 9 (Jan. 10, 2024) (DLA Piper's counsel asserting that "[Plaintiff] knowingly misappropriated [thousands of privileged] documents by taking 'screenshots' of them and sharing them with third-parties, in direct violation of both her ethical obligations as an attorney [citing New York Rule of Professional Conduct 1.6] and her obligations under DLA Piper's Confidentiality and Non-Disclosure Policy");

- ECF No. 37 at 3 (Jan. 19, 2024) (this Court ordering Plaintiff to "certify to Defendant that she has destroyed all copies of the sequestered documents");

- ECF No. 100 at 2 (Aug. 12, 2024) (Plaintiff complaining in an unsealed filing that Defendant's Rule 56.1 Statement of Undisputed Material Facts, which had not yet been filed publicly, contained a section entitled "Mehta Steals Thousands Of DLA Piper's Privileged And Confidential Documents" *and* including a half-page block quote from that section);

- ECF No. 104 at 2–4 (Aug. 30, 2024) (this Court holding that DLA Piper's assertions that "Mehta used her DLA Piper email account . . . to send an email containing Confidential Information to her personal email account" and "took over 3,600 photographs of

---

[1] Plaintiff's counsel also clarified that, "[d]ue to the nature of the Green [R]eport, and that he was retained to opine regarding whether Plaintiff violated Rules of Professional Conduct or professional ethics, [Plaintiff] maintain[s] that his report should remain under seal." *Id.* However, Plaintiff's counsel indicated that the Minkoff Report could be filed with extensive redactions for content that reflects Professor Green's opinions (but *not* content that Mr. Minkoff considers to be exonerating). *See id.*

The Honorable Analisa Torres
February 4, 2026
Page 3

documents and emails on her DLA piper computer . . . before her separation from the Firm" failed to "support a plausible retaliation claim [by Plaintiff]");

- ECF No. 113 at 13–14 (Oct. 15, 2024) (DLA Piper asserting that "Mehta [Stole] Thousands Of DLA Piper's Privileged And Confidential Documents"); and

- ECF No. 114, ¶¶ 291–319 (Oct. 15, 2024) (Defendant providing detailed evidentiary support for its assertion that "Mehta [Stole] Thousands Of DLA Piper's Privileged And Confidential Documents," including by citing Plaintiff's admission that she took over 3,600 photographs of documents and emails on her DLA Piper computer before her separation from the Firm on October 21, 2022).

Put simply, while Plaintiff may not appreciate the subject matter of the Green and Minkoff Reports, she cannot credibly suggest that either Report contains any facts, arguments, or other information that have not already been made public several times over.

Nonetheless, in accordance with Section IV.A.ii of this Court's Individual Practices in Civil Cases, Defendant hereby seeks leave to file under seal its Motion to Exclude Ronald C. Minkoff, supporting memorandum of law, the Green and Minkoff Reports, and all other materials submitted in support of the Minkoff exclusion motion. Defendant has notified Plaintiff that she must file a letter justifying the need to seal these materials within three days.

**Staller Exclusion Motion**

DLA Piper designated the December 2, 2025 Newlon Report confidential. Accordingly, when Plaintiff filed a Motion to Exclude Dr. Newlon's testimony on January 30, 2026, that motion was filed under seal. *See* ECF Nos. 154, 158-60. On February 2, 2026, DLA Piper filed a letter explaining the reasons filing under seal was appropriate with respect to Plaintiff's Motion to Exclude Dr. Newlon's testimony. ECF No. 170. On February 3, 2026, the Court ordered the parties to meet and confer concerning proposed redactions to the materials submitted with Plaintiff's five exclusion motions no later than February 20, 2026. *See* ECF No. 171, 173. Because the Staller Report was submitted as a rebuttal to the Newlon Report, it discusses the contents of the Newlon Report and refers to materials cited therein. Accordingly, DLA Piper respectfully requests leave to file under seal the Staller exclusion motion, the Staller Report, and related materials submitted with the Staller exclusion motion. DLA respectfully requests that those materials be filed under seal at this time and be subject to the same process as set forth in the Court's February 3, 2026 Order (ECF No. 171) concerning sealing of Plaintiff's exclusion motions and related materials.

Application **GRANTED.** Defendant may file under seal the motions to exclude Minkoff and Staller and supporting papers; Plaintiff shall file a letter in support of the motion to seal the Minkoff filings by February 9, 2026; the parties shall follow the procedure set forth in my order at ECF 171 in connection with both the Minkoff and Staller motions to exclude and supporting papers.

The Clerk of Court is respectfully requested to terminate ECF 174.

Dated: February 5, 2026
    New York, NY

SO ORDERED

*Rowan*

**ROBYN F. TARNOFSKY**
**UNITED STATES MAGISTRATE JUDGE**

The Honorable Analisa Torres
February 4, 2026
Page 4


Thank you for your consideration.

Respectfully submitted,

*/s/ Jessica A. Masella*
Jessica A. Masella
DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, NY 10020
Telephone: (212) 335-4829
jessica.masella@us.dlapiper.com

*Counsel for Defendant*