UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                        :
ANISHA MEHTA,                                           :
                                                        :
                                                        :       Case No.: 1:23-cv-4757 (AT) (RFT)
                    Plaintiff,                          :
                                                        :
        v.                                              :
                                                        :
DLA PIPER LLP,                                          :
                                                        :
                                                        :
                    Defendant.                          :
                                                        :
-----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY, OR
ARGUMENT REGARDING THE ORDER ON SUMMARY JUDGMENT**

Plaintiff Anisha Mehta ("Plaintiff") respectfully submits this memorandum of law in response to Defendant DLA Piper LLP's ("Defendant" or "DLA") Motion in Limine No. 3 to Exclude Evidence, Testimony, or Argument Regarding the Order on Summary Judgment ("MSJ Order"). ECF Nos. 257, 261 at 10-13.

## ARGUMENT

### I.    THE MSJ ORDER IS NOT SUBJECT TO EXCLUSION

First, as DLA knows, Plaintiff did not include a copy of the Court's MSJ Order entered on September 29, 2025 (ECF No. 137) as a proposed trial exhibit. Second, while there has not been any suggestion by Plaintiff that she intended to seek admissibility of the MSJ Order to try to allege that "liability facts" have been decided by the Court, DLA does not cite a single case from this district. *See* ECF No. 261 at 12-13. Instead, it uses cases from California, Georgia, Maryland, and Minnesota, to allege that any attempt to introduce the decision as an exhibit should be denied because it would be highly prejudicial to DLA. *Id*. These out of district cases are not on point and

1

the *Synder* case relied upon by DLA involved an <u>unopposed</u> motion in limine.  *See Snyder v. Bank of America, N.A*., 2020 WL 6462400, * 11 (N.D. Cal. Nov. 3, 2020) (granting unopposed motion in limine where excluded summary judgment decision "made no determinations as to the facts; it only found that there was a dispute of facts, which a jury must resolve.").

It is unclear exactly what DLA is seeking in its motion in limine other than to prevent a copy of the MSJ Order from being introduced as an exhibit for the purpose of the jury being permitted to read it.  To the extent that DLA is attempting to seek a ruling beyond this narrow issue, the Court should deny it entirely.  DLA has failed to state with any particularity what exactly it is seeking yet it broadly tries to interject everything having to do with the summary judgment motion as excludable in this pretrial motion in limine:

> There is no scenario in which DLA Piper's Motion for Summary Judgment . . . **any related submissions in opposition or reply**, or the MSJ Order could be used for a proper evidentiary purpose.

ECF No. 261 at 11.  To the extent that Gina Durham ("Durham"), for example, made representations in her Declaration in Support of the MSJ, Plaintiff is permitted to question Durham about her sworn statements.   The same is true for any other sworn affidavit submitted.  Again, DLA does not offer any further specificity and Plaintiff should not have to address every hypothetical in its opposition when DLA is required to state with particularity the relief it is seeking and the evidentiary rules in support.

The out-of-Circuit cases cited in support by DLA do not have any relevance to this action.  For example, in *S.E.C. v. Retail Pro, Inc.*, 673 F. Supp. 2d 1108, 1142 (S.D. Cal. 2009), the court granted the SEC's motion for summary judgment in part, holding that as a matter of law, the defendant had falsified records in violation of 17 C.F.R. § 240.13b2–1.  As a result, the summary judgment order would have presented a "substantial risk of jury confusion" because it could lead

the jury to believe that one finding of liability militated another at trial. *S.E.C. v. Retail Pro, Inc.*, No. 08 Civ. 1620, 2011 WL 589828, at *4 (S.D. Cal. Feb. 10, 2011).[1] No such risk is present here. The Court did not make any analogous findings and with the Court's guidance, the jury will comprehend that the denial of DLA's motion for summary judgment did not constitute a determination of liability.

Similarly, in *Al-Sabah v. Agbodjogbe*, No. 17 Civ. 730 (SAG), 2019 WL 6498049, at *8 (D. Md. Dec. 3, 2019), the court's summary judgment order concluded that one defendant, Agbodjogbe, had breached a contract. The court held, therefore, that its "previous liability finding may prejudice both Agbodjogbe and his co-defendants in defending Plaintiff's other claims for relief." *Id.* Without any such finding of liability, this Court's summary judgment order presents no such risk of prejudice. DLA's remaining case law is likewise distinguishable. *See Atlanta Attachment Co. v. Leggett & Platt, Inc.*, No. 1:05 Civ. 1071 (ODE), 2007 WL 9700923, at *2 (N.D. Ga. Mar. 16, 2007) (excluding reference to summary judgment ruling that held: (1) defendant had infringed plaintiff's patent; (2) that the patent was valid; and (3) that plaintiff did not "commit inequitable conduct in prosecuting the [] patent"); *Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*, 610 F. Supp. 2d 998, 1005-6 (D. Minn. 2009) (summary judgment order that had been rendered "a legal nullity" by subsequent Federal Circuit reversal would cause jury confusion because it held that "defendants' products did not infringe on [plaintiff's] patents"); *Hawkins v. Maury Cnty. Bd. of Educ.*, No. 12 Civ. 0184, 2019 WL 13260543, at *2 (M.D. Tenn. Mar. 21, 2019) (granting motion in limine to exclude summary judgment ruling where plaintiff sought to introduce

---

[1]    Neither DLA's Motion in Limine nor the *Retail Pro* motion in limine order cited in DLA's brief (ECF No. 261 at 12) make clear that the *Retail Pro* court had previously made findings of liability at the summary judgment stage, necessitating a citation to the *Retail Pro* summary judgment order itself to demonstrate the clear distinguishability from the instant matter.

it to "demonstrate a pattern of continued retaliatory conduct following issuance of this ruling."). To be clear, Plaintiff has no intention of suggesting that jurors read the MSJ Order as an improper attempt to argue that this Court "decided" liability.

## II.    THE MSJ ORDER AND THE AFTER ACQUIRED EVIDENCE DOCTRINE

Although DLA never mentions the portion of the MSJ Order that addresses DLA's after-acquired evidence argument, Plaintiff suspects that this is the true purpose of the motion in limine. The Court held that DLA failed to show that Plaintiff should be "categorically barred or limited" in pursuing reinstatement and front-pay due to the after-acquired evidence doctrine because: (1) the conduct at issue occurred after Plaintiff's termination; and (2) DLA did not establish that it would have fired Plaintiff had it discovered her alleged misconduct before her termination.  ECF No. 137 at 27-28.  If DLA attempts to argue to the jury that the after-acquired evidence doctrine prohibits Plaintiff from recovering certain types of damages, Plaintiff is entitled to use the MSJ Order in response.  "[T]he 'law of the case' doctrine is a rule of practice followed by New York courts that dictates that 'a decision on an issue of law made at one stage of a case becomes bin[d]ing precedent to be followed in subsequent states of the same litigation.'"  *Perreca v. Gluck*, 262 F. Supp. 2d 269, 272 (S.D.N.Y. 2003) (citation omitted); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 570 (S.D.N.Y. 2017) ("courts as a general matter will adhere to its own decision at an earlier stage of the litigation.") (internal quotation and citation omitted).

There is simply no basis for DLA's overly broad request that "any and all submissions" regarding the motion for summary judgment must be eliminated completely from the trial. Witnesses can be questioned about representations made in connection with the motion and DLA has not provided a single basis to preclude these types of questions.  At this juncture, ECF No. 137

is not a trial exhibit for either side.  Without knowing whether DLA will attempt to introduce argument about the after-acquired evidence doctrine, Plaintiff opposes the blanket restriction DLA seeks to impose prior to trial that there can be no reference or mention of the MSJ Order itself. Here, DLA's categorical failure to clearly articulate the bases for this motion and its perfunctory argument to preclude mention of any submission filed or decision rendered in connection with its summary judgment motion warrants a denial of DLA's motion in its entirety.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion in Limine No. 3 to Exclude Evidence, Testimony, or Argument Regarding the Order on Summary Judgment in its entirety.

Dated:  March 6, 2026
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
Jeanne M. Christensen
Monica Hincken
Kassandra Vazquez

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
mhincken@wigdorlaw.com
kvazquez@wigdorlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF WORD COUNT COMPLIANCE**

I, Jeanne M. Christensen, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) that the annexed Memorandum of Law was prepared using Microsoft Word and the document contains 1,341 words as calculated by the application's word-counting function, excluding the parts of the Memorandum of Law exempted by Local Civil Rule 7.1(c).

I certify under the penalty of perjury the forgoing statements are true and correct. Executed on this 6th day of March, 2026 in New York, New York.

_____
Jeanne M. Christensen