UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
: 

ANISHA MEHTA,                                           :

                                                                       :    Case No.: 1:23-cv-4757 (AT) (RFT)

                                    Plaintiff,               :

                                                                       :

                    v.                                            :

                                                                       :

DLA PIPER LLP,                                          :

                                                                       :

                                    Defendant.            :

                                                                       :
-------------------------------------------------------------------X

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING NON-RELEVANT EVIDENCE ABOUT MONEY IT HAS PAID FOR EMPLOYEE PARENTAL LEAVE**

Plaintiff Anisha Mehta ("Plaintiff" or "Mehta") submits the following Motion in Limine to preclude Defendant DLA Piper LLP ("Defendant" or "DLA") from introducing DLA_Mehta_00011137-11144, a document created for litigation purposes that lists the money DLA has supposedly paid for parental leave between 2021 and 2024, and any testimony about it, or similar testimony suggesting that because DLA has allowed employees to take parental leave without firing these employees it makes it less likely that Plaintiff was not fired because of her pregnancy.

The document identified as DLA_Mehta_00011137-11144 (Exhibit 1 to the accompanying Declaration of Jeanne M. Christensen ("Christensen Decl.")) should be excluded entirely and witnesses must be precluded from testifying about the document, its specific contents or testifying that "generally" employees are not fired when they apply for parental leave at DLA. DLA's counsel should be prevented from referring to it, the contents or comments about how many employees have taken leave without being fired in the several years during opening or closing

1

arguments to suggest that Plaintiff's pregnancy was not a factor in Durham's decision. This 7-page document is a chart created by DLA for litigation purposes entitled "█████████████████████████," and was produced to Plaintiff on June 14, 2024, <u>the day fact discovery closed</u>, thereby precluding any further discovery about it. The chart claims DLA allegedly "paid" more than ████████ to unidentified persons across the U.S., between January 2021 and September 2024. Despite the document's title, the chart includes more than ██████████, numerous ██████████████, as well as other ████████████████ such as "████████ █████████████████████████████████████████████" Presumably, the list includes male and female individuals.

Initially Kelly Neiman ("Neiman"), DLA's Head of Human Resources attached the document to her August 6, 2024 Declaration in support of DLA Piper's Motion for Summary Judgment (ECF No. 117-11), and recently Neiman relied upon the document as part of her expert rebuttal report to the expert report of André Jardini, which DLA has moved to exclude. ECF Nos. 151-153.

DLA says that the document is evidence that:



- "DLA's parental leave in 2021 and 2022 was generous."

- "███████████████████████████████████████████████████████████████████████."

- "████████████████████████████████████████████████████"

- "█████████████████████████████████████████████████████████████████████," and

- DLA has "paid" more than ██████████ to lawyers on leave.

These statements are set forth in ¶¶ 49-53 of Neiman's Expert Rebuttal Report (ECF No. 169-1).

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *See U.S. v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002). Evidence is only relevant if "the fact is of consequence in determining the action." Federal Rule of Evidence ("FRE") 401(b). Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

Whether DLA had a "generous" parental leave policy or not has nothing to do with the core question in this case: whether Gina Durham's ("Durham") decision to fire Plaintiff on October 4, 2022 was influenced in any way by Plaintiff being almost 7 months pregnant and her upcoming maternity leave of 18 weeks being imminent. The policy itself will be in evidence (DLA_Mehta_000000135-136) and states on its face it was for 18 weeks. Suggesting that DLA would not discriminate against Plaintiff because it has followed the law and paid leave for other employees is impermissible. It is DLA's own internal policy which one would assume it adheres to in the first instance. Absolutely no evidence was offered in discovery suggesting even remotely that the amount of money DLA has paid to other lawyers from 2021 through 2024 across the U.S. and in multiple other practice groups factored into Durham's decision-making process to fire Plaintiff. Nor could it. Durham fired Plaintiff on October 4, 2022. It is doubtful Durham even knows who these other parental leave-takers are. Any probative value would be *de minimis*, but if admitted, the document is highly prejudicial. The ██████████ means to suggest that DLA would not have "cared" about billable hours money lost during Plaintiff's leave. The question is whether

3

DLA violated the law in connection with Durham's termination of Plaintiff. DLA's purported generosity in supposedly following the federal, State and City law as it is required to do and following its own policies would be highly prejudicial if admitted.

It also is inadmissible because the document is unverifiable. Zero underlying support for the contents was provided and not a single name of anyone else taking leave (except Durham many years ago) was provided by DLA in discovery. No discovery was given by DLA about parental leave taken by any other associates except this one highly prejudicial document that DLA created for this lawsuit. Again, DLA produced the document on the day that fact discovery closed in the case – June 14, 2024. Even the document itself states for the last column header, "**estimated pay while on leave**."

DLA also wants to use this document to counter any suggestion that female lawyers get "mommy tracked" at DLA. Plaintiff cannot offer any evidence of mommy tracking because DLA refused discovery on the subject outside of this document. Thus, Plaintiff has no ability to challenge the document, its conclusory representations or any testimony about the number of lawyers who have taken parental leave at any time in DLA's history, including while she worked there.

Even if DLA now argues that the document and testimony about how many women have taken leave at DLA is probative to its defense, if it could even show that Durham possessed the knowledge of the contents of the document before October 4, 2022, the prejudice necessarily triggered by the introduction of such evidence far outweighs any probative value. Because DLA refused to allow Plaintiff the ability to obtain any other information in discovery about the parental leaves of other lawyers, it must be excluded and witnesses prevented from discussing it. DLA's

counsel should not be permitted to mention in opening or closing arguments anything other than the plain language set forth in the parental leave policy which will be in evidence.

In addition, DLA intends to use the document in support of other nonrelevant information that if admitted would prejudice Plaintiff. Specifically, Tamar Duvdevani ("Duvdevani"), a Partner in the New York city office intends to testify that:

> I have taken one parental leave while I have been with the Firm, in 2018 when I was a fifth-year partner. At all times, I have felt that DLA Piper was supportive of me taking parental leave. At no point has anyone at DLA Piper ever said anything negative to me about my pregnancy or my need to take parental leave.

Christensen Decl., Ex. 2, Declaration of Tamar Duvdevani at ¶¶ 28-30. Testimony about her leave 8 years ago when she was a partner has no relevance to Durham's decision to fire Plaintiff (an associate) and such testimony would be unduly prejudicial if permitted. Duvdevani must be precluded from testifying about her personal experience having nothing to do with Plaintiff and lacking any probative value in this action.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion in Limine to preclude DLA from introducing DLA_Mehta_00011137-11144 in its entirety, and any testimony about it, or similar testimony suggesting that because DLA has allowed employees to take parental leave without firing these employees it makes it less likely that Plaintiff was not fired because of her pregnancy.

Dated: February 27, 2026
     New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _Jeanne Christensen_
    Jeanne M. Christensen
    Monica Hincken
    Kassandra Vazquez

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
mhincken@wigdorlaw.com
kvazquez@wigdorlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Jeanne M. Christensen, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) that the annexed Memorandum of Law was prepared using Microsoft Word and the document contains 1,350 words as calculated by the application's word-counting function, excluding the parts of the Memorandum of Law exempted by Local Civil Rule 7.1(c).

I certify under the penalty of perjury the forgoing statements are true and correct.

Executed on this 27th day of February, 2026 in New York, New York.

_____
Jeanne M. Christensen

7